UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK M.,<br><br>                  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | Case No. 23-cv-11193<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE**

I.  **Introduction**

Plaintiff Mark M. appeals the final decision of defendant Commissioner of Social Security (Commissioner), which discontinued his disability insurance benefits under the Social Security Act.  ECF No. 1.  The Honorable Matthew F. Leitman referred the case to the undersigned for hearing and determination of all non-dispositive motions and for a report and recommendation under 28 U.S.C. § 636(b)(1).  ECF No. 7.

The Court entered a briefing schedule, with plaintiff's motion for summary judgment due on August 25, 2023.  ECF No. 5.  The briefing schedule was included in an order requiring the parties to file notice about

whether they consented to this Court exercising full jurisdiction over this litigation.  *Id.*  The parties elected to have the case reassigned to a district judge.  ECF No. 6.  But the briefing schedule remained in effect, and plaintiff has filed no dispositive motion.  The Court ordered plaintiff to show cause why his claims should not be dismissed for failure to prosecute, warning that failure to respond "may result in a recommendation to dismiss the case."  ECF No. 8.  Plaintiff still did not respond.

The Court thus **RECOMMENDS** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

II. Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176

2

F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown." E.D. Mich. LR 41.2 (cleaned up). Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.

Analysis of the *Knoll* factors supports dismissal. For the first factor, plaintiff is at fault because he failed to move for summary judgment or respond to the Court's order to show cause. Plaintiff is represented by counsel, and she received electronic notices of the briefing schedule and order to show cause. Although there is no evidence that the Commissioner was prejudiced by plaintiff's inaction, the third and fourth factors weigh

3

heavily in favor of dismissal.  As to the third factor, plaintiff was warned that failure to failure to respond to the order to show cause could result in dismissal of his action.  ECF No. 8.  And there is no less drastic sanction available because plaintiff has failed to respond to filings as ordered, even after being warned that his failure to respond could lead to the dismissal of his complaint.  "[D]ismissal is the only appropriate remedy because [plaintiff] has effectively abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

### III. Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 22, 2023

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2023.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager