UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK M.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 23-cv-11193
Hon. Matthew F. Leitman

_____/

**ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 16) AND (2) DISMISSING COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE**

In this action, Plaintiff Mark M. challenges the decision to discontinue his disability benefits. (*See* Compl., ECF No. 1.) On July 25, 2023, the assigned Magistrate Judge issued an order in which she directed Mark M. to file a motion for summary judgment by no later than August 25, 2023. (*See* Order, ECF No. 5.) Mark M. did not file a motion by that date.

Based on Mark M.'s failure to file a motion for summary judgment, the Magistrate Judge issued an order to show cause in which she ordered Mark M. to "show cause in writing by September 13, 2023, why [his] case should not be dismissed for failure to prosecute under [Local Rule] 41.2." (Order, ECF No. 8,

1

PageID.610.) The Magistrate Judge then warned Mark M. that his "[f]ailure to timely respond may result in a recommendation to dismiss [his] case." (*Id.*)

Mark M. did not respond to the show cause order. Thus, on September 22, 2023, the Magistrate Judge issued a report and recommendation in which she recommended that the Court dismiss Mark. M's Complaint with prejudice for failure to prosecute (the "September 2023 R&R"). (*See* September 2023 R&R, ECF No. 9.) Mark M. did not file any objections to the September 2023 R&R, and the Court adopted the recommended disposition of that report and dismissed Mark M.'s Complaint on February 2, 2024. (*See* Order, ECF No. 10.) The Court entered judgment against Mark M. on that same day. (*See* Judgment, ECF No. 11.)

On June 13, 2024, Mark M.'s counsel filed a motion for relief from judgment. (*See* Mot., ECF No. 12.) In the motion, counsel explained that she did not file a summary judgment motion on his behalf or respond to the Magistrate Judge's show cause order because she was suffering from incurable blood cancer that rendered her incapacitated and unable to fully represent Mark M in this case. (*See id.*) Counsel therefore asked the Court to set aside the judgment and allow Mark M. to retain new counsel. (*See id.*) Based on Mark M.'s circumstances, the Commissioner indicated to the Court that he did not oppose Mark M's motion.

On July 31, 2024, the Court granted Mark M.'s motion and set aside its previous order of dismissal and judgment. (*See* Order, ECF No. 13.) The Court

2

further ordered new counsel to file an appearance on Mark M.'s behalf by no later than July 31, 2024. (*See id.*)

No new counsel ever appeared for Mark M.  Nor did Mark M. take any other action to prosecute his claims.  Accordingly, on August 20, 2024, the Magistrate Judge issued an order that directed Mark M. to show cause, by September 9, 2024, why he had not obtained new counsel. (*See* Order, ECF No. 15.)  The Magistrate Judge further warned Mark M. that the "[f]ailure to timely respond may again result in a recommendation to dismiss the case for failure to prosecute under E.D. Mich. LR 41.2." (*Id.*, PageID.678.)

Mark M. never responded to the Magistrate Judge's show cause order.  Thus, on September 11, 2024, the Magistrate Judge issued a new report and recommendation in which she recommended that the Court again dismiss Mark M.'s Complaint due to his failure to prosecute his claims and his failure to comply with the Court's orders (the "September 2024 R&R"). (*See* September 2024 R&R, ECF No. 16.)  At the end of the September 2024 R&R, the Magistrate Judge instructed Mark M. that if he wanted to object to her recommendation, he needed to file objections with the Court within 14 days. (*See id.*, PageID.678-679.)

Mark M. has not filed any objections to the September 2024 R&R.  The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985).  *See*

3

*also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). In addition, the failure to file objections to a report and recommendation waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Finally, Mark M. has not taken any steps to prosecute his claims in this case. New counsel has not filed an appearance on his behalf. Nor has Mark. M. contacted the Court to ask for additional time to hire new counsel, to indicate that he wishes to represent himself, or to provide the Court his contact information so that the Court may administer this case if his initially-retained lawyer is no longer able to represent him.

For all of these reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommendation to dismiss Mark M.'s Complaint with prejudice for failure to prosecute is **ADOPTED**.

**IT IS FURTHER ORDERED** that Mark M.'s Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 1, 2024

4

  I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 1, 2024, by electronic means and/or ordinary mail.

                s/Holly A. Ryan
                Case Manager
                (313) 234-5126